IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case no. |
| | ) | |
| MOORE, INGRAM, JOHNSON | ) | |
| & STEELE, LLP, | ) | |
| | ) | |
| Respondent. | ) | |

**PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS**

The United States of America petitions this Court for an order enforcing an

Internal Revenue Service ("IRS") administrative summons served on Moore,

Ingram, Johnson & Steele, LLP.  In support, the United States avers as follows:

1.      Jurisdiction over this matter is conferred upon this Court by 26 U.S.C.

§§ 7402 and 7604(a) and by 28 U.S.C. §§ 1340 and 1345.

2.      The respondent, Moore, Ingram, Johnson & Steele, LLP, has its

principal place of business in Marietta, Georgia, within the jurisdiction of this

Court.

3.      Revenue Agent Tammy Robison is employed in the Small

Business/Self-Employed Division of the Internal Revenue Service and is authorized

to issue an Internal Revenue Service summons pursuant to the authority contained

in 26 U.S.C. § 7602, and Treasury Regulation Section 301.7602-1, 26 C.F.R. § 301.7602B1.

4.      Revenue Agent Robison is conducting an investigation to determine whether Moore, Ingram, Johnson & Steele, LLP is liable for penalties under 26 U.S.C. §§ 6694, 6695, 6700, and/or 6701 for conduct occurring from January 1, 2009 to the present.  These sections of the Internal Revenue Code impose penalties for, among other things, organizing or promoting abusive tax shelters, aiding and abetting the understatement of another person's tax liability, and preparing or assisting in the preparation of tax returns for others that willfully or recklessly understate a taxpayer's tax liability.  The Declaration of Revenue Agent Robison is attached hereto as Exhibit 1.  A penalty may be assessed <u>for each separate tax return, or transaction, or for separate activities, related to each entity or arrangement involved</u>. *See, e.g.*, 26 U.S.C. § 6700(a)(2) ("activities described in paragraph (1)(A) with respect to each entity or arrangement shall be treated as a separate activity") (emphasis added).

5.      The respondent, Moore, Ingram, Johnson & Steele, LLP, may be in possession and control of books, records, papers, and other data that may be relevant to the investigation described above in paragraph 4, including but not limited to documents, including records of communications (including electronic,

video, and audio communications), related to the promotion and/or organization of

the plan or arrangement, or that make (or cause another person to make) statements

concerning the correctness of any tax deduction, the excludability of income, or any

other tax benefit; insurance policies and related documents (including records of

communications); underwriting and premium pricing-related documents (including

records of communications); marketing and promotional documents, including

video and audio presentations; copies of internal and external presentation made by

Moore, Ingram, Johnson & Steele, LLP regarding the plan or arrangement;

contracts, agreements, and engagement letters between Moore, Ingram, Johnson &

Steele, LLP and its clients who purchased or entered into agreements as part of the

plan or arrangement; contracts or agreements between Moore, Ingram, Johnson &

Steele, LLP and individuals or entities that promoted the plan or arrangement; tax

opinions related to the plan or arrangement; documents, such as claims, claim

forms, claim disallowances, and payments to insureds for claims related to the

insurance policies purchased in connection with the plan or arrangement, and

records of communications related to those claims, claim disallowances, and

payments; and feasibility studies prepared by actuaries in connection with the plan

or arrangement, and records of communications related to those feasibility studies.

Additionally, these documents, and the requested financial records, client

information, and records of payments that Moore, Ingram, Johnson & Steele, LLP

received related to the plan or arrangement, may be relevant to determining the

amount of any possible penalty.

6.      Pursuant to the investigation described in paragraph 4, on April 16,

2019, Revenue Agent Robison issued an IRS summons directing Moore, Ingram,

Johnson & Steele, LLP to appear on May 16, 2019, at 4:45 p.m., to produce the

books, records, and other documents demanded in the summons.  Revenue Agent

Ellen Robers-Zielinski served an attested copy of the summons on Moore, Ingram,

Johnson & Steele, LLP by handing a copy of the summons to a representative of

Moore, Ingram, Johnson & Steele, LLP on April 16, 2019.  The summons is

attached hereto as Exhibit 2.

7.      On May 6, 2019, and again on June 7, 2019, Moore, Ingram, Johnson

& Steele, LLP requested an extension to comply with the summons.  Revenue

Agent Robison granted Moore, Ingram, Johnson & Steele, LLP's request for an

extension of time, to July 1, 2019, to comply with the summons.

8.      Moore, Ingram, Johnson & Steele, LLP refused to comply with the

summons.  Moore, Ingram, Johnson & Steele, LLP produced only a fraction of the

requested documents, including some documents that the IRS possessed by way of

examinations of eight third-parties who participated in the plan or arrangement

4

organized or sold by Moore, Ingram, Johnson & Steele, LLP.  Moore, Ingram, Johnson & Steele, LLP also produced some documents in response to categories 1, 4, 5, 8, and 27 (as identified in the attachment to the summons), although many of the documents produced, particularly with respect to categories 1 and 4, appear to be draft, not final, or incomplete documents. Moore, Ingram, Johnson & Steele, LLP also claimed to produce documents in response to request 16, although it is unclear how the produced documents are responsive to that request. Moore, Ingram, Johnson & Steele, LLP acknowledged that it withheld documents requested by the summons.  Moreover, Moore, Ingram, Johnson & Steele, LLP failed to produce a privilege log, or otherwise identify, documents that it contends cannot be produced due to attorney-client privilege.

9.    On September 13, 2019, Internal Revenue Service counsel sent a letter to Moore, Ingram, Johnson & Steele, LLP explaining Moore, Ingram, Johnson & Steele, LLP's failure to comply with the summons.

10.    By letter dated September 26, 2019, Moore, Ingram, Johnson & Steele, LLP, stated that it produced files that only constituted "an overall sample size of five percent (5%) of" the clients participating in the plan or arrangement.  Moore, Ingram, Johnson & Steele, LLP claimed that it would be burdensome to provide a privilege log, and that its blanket assertion of an attorney-client privilege was

sufficient.  Moore, Ingram, Johnson & Steele, LLP further claimed that the Georgia Bar Association's Rules of Professional Conduct prevent Moore, Ingram, Johnson & Steele, LLP from complying with the summons and producing documentation related to the plan or arrangement.

11.     Moore, Ingram, Johnson & Steele, LLP's refusal to comply with the summons continues to date as set forth in the Declaration of Revenue Agent Robison.

12.     The books, papers, records, or other data sought by the summons are not already in possession of the Internal Revenue Service.

13.     All administrative steps required by the Internal Revenue Code for the issuance of the summons have been taken.

14.     The books, papers, records, and/or other data sought by the summons may be relevant to the IRS's investigation to determine whether Moore, Ingram, Johnson & Steele, LLP is liable for penalties under 26 U.S.C. §§ 6694, 6695, 6700, and/or 6701 for conduct occurring from January 1, 2009 to the present.

15.     No Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is in effect with respect to Moore, Ingram, Johnson & Steele, LLP for the years under investigation.

16.     In order to obtain enforcement of a summons, the United States must establish that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps required by the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964).

17.     The attached Declaration of Revenue Agent Tammy Robison establishes the government's prima facie showing under *Powell*.

WHEREFORE, the United States respectfully prays as follows:

A.     That this Court enter an order directing the respondent, Moore, Ingram, Johnson & Steele, LLP, to show cause in writing, if any, why it should not comply with and obey the aforementioned IRS summons and every requirement thereof. A proposed Order to Show Cause is attached to this Petition;

B.     That this Court enter an order directing the respondent, Moore, Ingram, Johnson & Steele, LLP, to fully obey the subject summons and each requirement thereof, by ordering the production required and called for by the terms of the summons, to Revenue Agent Robison, or any other proper officer or employee of the IRS, at such time and place as may be set by Revenue Agent Robison or any other proper officer or employee of the IRS;

C.     That the United States recover its costs incurred in maintaining this

proceeding; and

D.     That the Court grant such other and further relief as the Court deems

proper or justice may require.

Dated: February 4, 2020          Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

s/ Daniel A. Applegate
DANIEL A. APPLEGATE
U.S. Department of Justice, Tax Division
P. O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-8180
Fax: (202) 514-6770
daniel.a.applegate@usdoj.gov
Attorneys for Petitioner
United States of America

Local Counsel:
BYUNG J. PAK
United States Attorney
NEELI BEN-DAVID
Assistant U.S. Attorney
Georgia Bar No. 049788
Office of the United States Attorney
Northern District of Georgia
600 U.S. Courthouse
75 Ted Turner Drive, SW, Suite 600
Atlanta, GA 30303
Telephone: (404) 581-6303
Neeli.ben-david@usdoj.gov